IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,815






EX PARTE ALBERTO SIFUENTES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3083-A IN THE 154TH DISTRICT COURT


FROM LAMB COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Seventh Court of Appeals affirmed his conviction.
Sifuentes v. State, No. 07-98-00408-CR (Tex. App. - Amarillo, August 28, 2000, pet. ref'd)). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate alibi witnesses and alternative suspects, failed to investigate physical
evidence, and failed to conduct an effective examination of several witnesses.

 The trial court has determined that trial counsel's failure to conduct an adequate investigation
and effective witness examinations constituted deficient performance that prejudiced applicant. The
court finds that had an adequate investigation been conducted, there is a reasonable probability that
the evidence that would have been discovered and presented at trial would have created a reasonable
doubt in the minds of the jurors and resulted in a different verdict. Likewise, had witnesses been
examined effectively, there is a reasonable probability that their testimony would have created a
reasonable doubt in the minds of the jurors and resulted in a different verdict. These findings are
supported by the record. See Ex parte Thompson, 153 S.W.3d 416, 418 (Tex. Crim. App. 2005). 
We agree with the trial court that Applicant is entitled to a new trial.

 Habeas corpus relief is granted. The judgment of conviction in Case No. 3083-A from the
154th Judicial District Court of Lamb County is vacated, and Applicant is ordered remanded to the
custody of the Sheriff of Lamb County so that he may answer the charges against him.


Delivered: January 16, 2008

Do Not Publish